**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Catherine Rodriguez, individually and on behalf of all others similarly situated,

Plaintiff,

v.

Ken's Foods, LLC,

Defendant.

Civil Action No. 1:26-cv-14074

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

DATED: September 3, 2026

**BURSOR & FISHER, P.A.**
Max S. Roberts (BBO #718031)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: mroberts@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher*
Joshua B. Glatt*
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
jglatt@bursor.com

**GUCOVSCHI LAW FIRM, PLLC**
Adrian Gucovschi, Esq.*
165 Broadway, 23rd Floor
New York, NY 10006
Telephone: (212) 884-4230
Email: adrian@gucovschilaw.com

**Pro hac vice forthcoming*

*Attorneys for Plaintiff*

## TABLE OF CONTENTS


**PAGE**

NATURE OF THE ACTION ....................3

FACTUAL ALLEGATIONS ....................4

A. Consumers Seek Out and Pay More for Products That Contain No Added Sugar ..4

B. Defendant's No Sugar Added Representations....................5

C. Allulose Is a Sugar ....................11

D. The Products Violate the FDA Nutrient Content Regulations....................14

E. Defendant's Conduct Violates New York's Food Labeling Laws ....................16

F. Reasonable Consumers Cannot Detect Defendant's Deception ....................17

G. Defendant Knew the No Sugar Added Representations Were False ....................18

H. Defendant's No Sugar Added Representations Injured Plaintiff and the Classes .19

JURISDICTION AND VENUE ....................20

PARTIES ....................20

CLASS ALLEGATIONS ....................21

CAUSES OF ACTION ....................24

PRAYER FOR RELIEF ....................63

DEMAND FOR TRIAL BY JURY ....................63

Plaintiff Catherine Rodriguez ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Ken's Foods, LLC ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. Plaintiff brings this class action on behalf of consumers who purchased Ray's No Sugar Added barbecue sauces, dipping sauce, and marinade marketed as containing no added sugar (collectively, the "Products").[1]

2. Defendant repeatedly markets and advertises the Products on their front labels as containing "NO SUGAR ADDED" (collectively, the "No Sugar Added Representations"). However, unbeknownst to reasonable consumers, Defendant adds sugar to each of the Products in the form of allulose. Allulose is a monosaccharide and therefore a sugar under the applicable federal and New York labeling standards. Its inclusion in the Products is not trivial: Defendant lists allulose as the fourth ingredient of every Product, ahead of the ingredients Defendant itself groups as present at two percent or less by weight. Defendant's No Sugar Added Representations are therefore false, misleading, and impermissible.

3. Accordingly, Plaintiff brings claims against Defendant for: (1) violations of New York's General Business Law §§ 349 and 350; (2) violations of materially similar state consumer-protection statutes; (3) intentional misrepresentation; and (4) unjust enrichment.

[1] The Products are Defendant's Ray's No Sugar Added Original Barbecue Sauce, Ray's No Sugar Added Sweet & Smoky Barbecue Sauce, Ray's No Sugar Added Sweet & Spicy Barbecue Sauce, Ray's No Sugar Added Honey Mustard Flavored Dipping Sauce, and Ray's No Sugar Added Teriyaki Marinade. Discovery may reveal that additional of Defendant's Products are within the scope of Plaintiff's Complaint. Accordingly, Plaintiff reserves the right to amend her Complaint to add additional of Defendant's Products.

## FACTUAL ALLEGATIONS

**A. Consumers Seek Out and Pay More for Products That Contain No Added Sugar**

4. Consumer demand for products without added sugar is well documented. A 2022 nationwide survey found that 73% of Americans ages 18 to 80 reported trying to limit or avoid sugars.[2]

5. That demand accords with widespread public-health guidance. The 2025–2030 Dietary Guidelines for Americans state that no amount of added sugars is recommended or considered part of a healthy or nutritious diet and that one meal should contain no more than 10 grams of added sugars.[3] The World Health Organization recommends limiting free sugars to less than 10 percent of total daily energy intake and states that limiting them further to 5 percent or less may provide additional health benefits.[4] The American Heart Association recommends limiting added sugars to no more than 6 percent of daily calories.[5] This guidance reinforces consumers' attention to representations about whether sugar has been added to the products they buy.

6. Food and beverage manufacturers are aware of this demand and of the premium consumers will pay to satisfy it. Products labeled "no sugar added," "no added sugar," and "without added sugar" command higher prices than comparable products that do not bear those claims, and manufacturers reserve the front label of their packaging for the claims they believe will most motivate a purchase.

---

[2] International Food Information Council, 2022 Food & Health Survey 57 (May 18, 2022), https://ific.org/wp-content/uploads/2022/06/IFIC-2022-Food-and-Health-Survey-Report-May-2022.pdf.

[3] U.S. Department of Health and Human Services & U.S. Department of Agriculture, Dietary Guidelines for Americans, 2025–2030, at 5 (Jan. 2026), https://cdn.realfood.gov/DGA.pdf

[4] World Health Organization, Healthy Diet (Jan. 26, 2026), https://www.who.int/news-room/fact-sheets/detail/healthy-diet

[5] American Heart Association, Added Sugars, https://www.heart.org/en/healthy-living/healthy-eating/eat-smart/sugar/added-sugars

7. Defendant has capitalized on that demand. It sells the Products containing allulose—a monosaccharide sugar—while representing on their front labels that no sugar has been added. Defendant thereby obtained an unfair competitive advantage over competitors that accurately label comparable sauces, at the expense of unwitting consumers.

**B. Defendant's No Sugar Added Representations**

8. Defendant prominently represents on the front labels of the Products' packaging that the Products contain "NO SUGAR ADDED." These statements are referred to herein as the "No Sugar Added Representations." Below are the Products and the No Sugar Added Representations:

## 01 Ray's No Sugar Added Original Barbecue Sauce - 18.5 oz

PRINCIPAL DISPLAY PANEL




NUTRITION FACTS / INGREDIENT PANEL




FRONT-LABEL CLAIM




BACK-LABEL DETAIL

CARBOHYDRATE / SUGAR ROWS




INGREDIENTS



## 02 Ray's No Sugar Added Sweet & Smoky Barbecue Sauce - 18.5 oz

PRINCIPAL DISPLAY PANEL




NUTRITION FACTS / INGREDIENT PANEL




FRONT-LABEL CLAIM




BACK-LABEL DETAIL

CARBOHYDRATE / SUGAR ROWS




INGREDIENTS



## 03 Ray's No Sugar Added Sweet & Spicy Barbecue Sauce - 18.5 oz

PRINCIPAL DISPLAY PANEL




NUTRITION FACTS / INGREDIENT PANEL




FRONT-LABEL CLAIM




BACK-LABEL DETAIL

CARBOHYDRATE / SUGAR ROWS




INGREDIENTS



## 04 Ray's No Sugar Added Honey Mustard Flavored Dipping Sauce - 16 fl oz

PRINCIPAL DISPLAY PANEL




NUTRITION FACTS / INGREDIENT PANEL




FRONT-LABEL CLAIM




BACK-LABEL DETAIL

CARBOHYDRATE / SUGAR ROWS



| | |
|---|---|
| **Total Carb.** 2g | **1%** |
| Fiber <1g | **0%** |
| Total Sugars 0g | |
| Incl. 0g Added Sugars | **0%** |

INGREDIENTS



INGREDIENTS: SOYBEAN OIL, WATER, DISTILLED VINEGAR, ALLULOSE, EGG YOLK, SALT, CONTAINS LESS THAN 2% OF MUSTARD SEED, MUSTARD FLOUR, NATURAL HONEY FLAVOR, XANTHAN GUM, BETA CAROTENE (COLOR), WHITE WINE, POTASSIUM SORBATE AND SODIUM BENZOATE (PRESERVATIVES), ROSEMARY EXTRACT AND GREEN TEA EXTRACT, CITRIC ACID, TARTARIC ACID, SUCRALOSE, SPICE, OLEORESIN PAPRIKA (COLOR), CALCIUM DISODIUM EDTA (TO PROTECT FLAVOR). **CONTAINS EGG.**

## 05 Ray's No Sugar Added Teriyaki Marinade - 16 fl oz

PRINCIPAL DISPLAY PANEL




NUTRITION FACTS / INGREDIENT PANEL




FRONT-LABEL CLAIM




BACK-LABEL DETAIL

CARBOHYDRATE / SUGAR ROWS




INGREDIENTS



INGREDIENTS: SOY SAUCE (WATER, WHEAT, SOYBEANS, SALT, LACTIC ACID, SODIUM BENZOATE [PRESERVATIVE]), WATER, DISTILLED VINEGAR, ALLULOSE, RICE VINEGAR, MODIFIED CORN STARCH, CONTAINS LESS THAN 2% OF PRUNE PUREE, SESAME SEED, DRIED GARLIC, SPICE, CARAMEL COLOR, XANTHAN GUM, SESAME OIL, SODIUM BISULFATE AND POTASSIUM SORBATE AND SODIUM BENZOATE (PRESERVATIVES), SALT, SUCRALOSE, NATURAL FLAVOR, CALCIUM DISODIUM EDTA (TO PROTECT FLAVOR). **CONTAINS SESAME, SOY, WHEAT.**

9. Defendant disseminated the No Sugar Added Representations through the Products' bottles and labels, its official product pages, and authorized reproductions of the Products' front-label images on retail product pages. Defendant authored, created, supplied, authorized, approved, adopted, and disseminated the materially uniform front-label images used on those pages.

10. The No Sugar Added Representations communicate to reasonable consumers that no sugar was added to the Products. That is the plain and ordinary meaning of "NO SUGAR ADDED."

11. However, these representations are false: Defendant's own ingredient statements disclose that Defendant adds allulose—a sugar—to each Product during processing.

12. The Products' information panels reinforce, rather than cure, the materially misleading impression created by the No Sugar Added Representations. The Nutrition Facts panels declare zero grams of Added Sugars; the ingredient statements identify allulose but do not state that allulose is a free monosaccharide or sugar; and no panel discloses how much allulose each Product contains. A consumer who turns the bottle over is confirmed in the misimpression the front label creates, not corrected.

**C. Allulose Is a Sugar**

13. Allulose is a sugar.

14. Chemically, allulose is a monosaccharide. It is the C-3 epimer of D-fructose, meaning that allulose and fructose have the same molecular formula and connectivity but differ in the spatial orientation of a hydroxyl group at the third carbon. "D-allulose, a C-3 epimer of D-fructose, is a rare monosaccharide used as a food ingredient or a sweetener."[6] Allulose is

[6]Han-Joo Maeng *et al.*, Metabolic Stability of D-Allulose in Biorelevant Media and Hepatocytes: Comparison with Fructose and Erythritol, 8 Foods art. 448, at 1 (2019), https://doi.org/10.3390/foods8100448.

accordingly "a rare sugar," and "a monosaccharide that is low in calories and that maintains approximately 70% of sweetness relative to sugar."[7]

15. Allulose is not merely a sugar as a matter of chemical classification. It is used as one. Allulose has "70% of the sweetness of sucrose, which means it is viewed as a potential alternative sweetener."[8] The food-science literature describes allulose and other rare sugars as "monosaccharides with sweetness similar to those as caloric sugars, but [with] low caloric values," which "are now widely used as sugar substitutes."[9]

16. Because allulose is less sweet than table sugar, it is used in gram-scale quantities as a bulk sweetener. High-intensity sweeteners such as saccharin, aspartame, acesulfame potassium, neotame, sucralose, and advantame are approximately 200 to 20,000 times as sweet as sucrose.[10] By contrast, allulose has approximately 70% of sucrose's sweetness and is used in large quantities as a bulk sweetener.[11]

17. Allulose also behaves like sugar in food. "It is convenient for the food industry to use D-allulose, as its chemical properties are similar to those of fructose in terms of solubility, water activity, and viscosity."[12] It is used as "a partial replacement of added sugars."[13] Allulose is

---

[7]Youngji Han *et al.*, Gastrointestinal Tolerance of D-Allulose in Healthy and Young Adults. A Non-Randomized Controlled Trial, 10 Nutrients art. 2010, at 1–2 (2018), https://doi.org/10.3390/nu10122010.
[8]Maeng *et al.*, supra note 6, at 2.
[9]*Id.* at 9–10.
[10]U.S. Food & Drug Administration, Aspartame and Other Sweeteners in Food, https://www.fda.gov/food/food-additives-petitions/aspartame-and-other-sweeteners-food (last visited Aug. 18, 2026).
[11]Mengting Tao, Wenli Zhang & Wanmeng Mu, D-Allulose: A New Generation of Potential Bulk Sweeteners in the Food Industry, 73 J. Agric. & Food Chem. 27,833, 27,833–35 (2025) (Viewpoint), https://doi.org/10.1021/acs.jafc.5c13620.
[12]Han *et al.*, supra note 7, at 10.
[13]*Id.*

"widely regarded as a promising substitute for sucrose"—that is, a substitute for table sugar, and one that is itself a sugar.[14]

18. The Food and Drug Administration ("FDA") identifies allulose as a sugar. In its 2016 Nutrition Facts rulemaking, the FDA stated that allulose, "as a monosaccharide, must be included" in the Total Sugars declaration pending any future rulemaking that would otherwise exclude the substance.[15] The current regulation continues to define Total Sugars as "the sum of all free mono- and disaccharides" and does not exclude allulose. 21 C.F.R. § 101.9(c)(6)(ii).

19. The Calorie Control Council likewise describes allulose under the heading "Allulose is a Naturally Occurring Sweetener" and states that "[a] monosaccharide, or simple sugar, allulose is absorbed by the body, but not metabolized, so it is nearly calorie-free."[16]

20. Defendant adds allulose to the Products as a standalone ingredient during processing, and not in a trace amount. Ingredients must be listed in descending order of predominance by weight, and ingredients present in amounts of two percent or less by weight may be grouped at the end of the ingredient statement following a quantifying phrase. 21 C.F.R. § 101.4(a)(1)–(2). Defendant lists allulose as the fourth listed ingredient of every Product and places it before the phrase by which Defendant groups the ingredients present at two percent or less. Allulose therefore constitutes more than two percent of each Product by weight. Defendant also lists sucralose, a high-intensity sweetener used in milligram quantities because it is hundreds of times as sweet as sucrose; allulose is less sweet than sucrose and is used in gram-scale quantities to supply the bulk, body, and mouthfeel that sugar supplies in a sauce.

[14]Wenli Zhang et al., D-Allulose, a Versatile Rare Sugar: Recent Biotechnological Advances and Challenges, 63 Critical Revs. Food Sci. & Nutrition 5661, 5661 (2023) (published online Dec. 29, 2021), https://doi.org/10.1080/10408398.2021.2023091.
[15]Food Labeling: Revision of the Nutrition and Supplement Facts Labels, 81 Fed. Reg. 33,742, 33,796 (May 27, 2016).
[16]Calorie Control Council, Allulose, https://caloriecontrol.org/ingredients/sweeteners/allulose/ (last visited September 1, 2026).

### D. The Products Violate the FDA Nutrient Content Regulations

21. Congress empowered the FDA to oversee and regulate food labeling by enacting the Federal Food, Drug, and Cosmetic Act, as amended by the Nutrition Labeling and Education Act, 21 U.S.C. § 301 *et seq*. FDA promulgated the relevant food-labeling regulations in 21 C.F.R. part 101.

22. FDA regulations distinguish mandatory or permitted declarations within the Nutrition Facts panel from nutrient-content claims appearing elsewhere on a label or in labeling. Information appearing as part of the Nutrition Facts panel is not itself a nutrient-content claim. 21 C.F.R. § 101.13(c). By contrast, the No Sugar Added Representations appear outside the Nutrition Facts panel on the Products' front labels and in Defendant's marketing, and expressly characterize the level of added sugar in the Products.

23. Nutrient-content claims are strictly forbidden unless specifically allowed under FDA regulations. 21 C.F.R. § 101.13(b) ("A claim that expressly or implicitly characterizes the level of a nutrient of the type required to be in nutrition labeling under § 101.9 or under § 101.36 (that is, a nutrient content claim) may not be made on the label or in labeling of foods unless the claim is made in accordance with this regulation and with the applicable regulations in subpart D . . . .").

24. The No Sugar Added Representations are expressed nutrient-content claims. An expressed nutrient content claim is "any direct statement about the level (or range) of a nutrient in the food, e.g., 'low sodium' or 'contains 100 calories.'" 21 C.F.R. § 101.13(b)(1). A categorical statement that no sugar has been added is a direct statement about the level of added sugars in the food.

25. Subpart D governs which sugar claims may be made and on what conditions. A claim about the sugar content of a food "may only be made on the label or in the labeling of a food if: (1) The claim uses one of the terms defined in this section in accordance with the definition for

that term; (2) The claim is made in accordance with the general requirements for nutrient content claims in § 101.13; [and] (3) The food for which the claim is made is labeled in accordance with § 101.9 . . . .” 21 C.F.R. § 101.60(a). The term Defendant uses—“no sugar added”—is one of the three terms defined at § 101.60(c)(2).

26. Section 101.60(c)(2) provides that the terms “no added sugar,” “without added sugar,” or “no sugar added” may be used only if: (i) no amount of sugars, as defined in § 101.9(c)(6)(ii), or any other ingredient that contains sugars that functionally substitute for added sugars is added during processing or packaging; (ii) the product does not contain an ingredient containing added sugars such as jam, jelly, or concentrated fruit juice; (iii) the sugars content has not been increased above the amount present in the ingredients by some means such as the use of enzymes, except where the intended functional effect of the process is not to increase the sugars content of a food and a functionally insignificant increase in sugars results; (iv) the food that it resembles and for which it substitutes normally contains added sugars; and (v) the product bears a statement that the food is not “low calorie” or “calorie reduced” and that directs consumers’ attention to the nutrition panel for further information on sugar and calorie content. *Id.* § 101.60(c)(2)(i)–(v). These conditions are conjunctive; a claim that fails any one of them is unauthorized.

27. Sugar is a nutrient “of the type required to be in nutrition labeling under § 101.9.” 21 C.F.R. § 101.13(b). Section 101.9(c)(6)(ii) defines Total Sugars as “the sum of all free mono- and disaccharides.” That same definition governs the No Sugar Added Representations, because § 101.60(c)(2)(i) permits the claim only where no amount of “sugars, as defined in § 101.9(c)(6)(ii),” is added during processing or packaging. Allulose, as a free monosaccharide and the C-3 epimer of D-fructose, falls squarely within that definition, and Defendant adds allulose to every Product during processing. Subsection (i) contains no quantity threshold: it permits the claim only where “[n]o amount of sugars . . . is added.” Plaintiff therefore does not rely on any laboratory testing,

and no measurement of the Products' allulose content is necessary. The addition of allulose in any amount defeats the claim, and Defendant's own ingredient statements establish that allulose is added. The No Sugar Added Representations are false and, at minimum, materially misleading, and they violate 21 C.F.R. §§ 101.60(a)(1) and 101.60(c)(2).

28. Because the Products' labels and labeling bear false, misleading, and impermissible outside-panel nutrient-content claims, the Products are misbranded under federal law. 21 U.S.C. § 343(a)(1), (r)(1)(A); 21 C.F.R. §§ 101.9(c)(6)(ii), 101.13(b), (b)(1), and (c), and 101.60(a)(1), (c)(2). Misbranded food may not lawfully be introduced or delivered for introduction into interstate commerce. 21 U.S.C. § 331(a).

29. Plaintiff does not seek to enforce the FDCA directly. She challenges only the outside-panel No Sugar Added Representations; she does not challenge the Nutrition Facts declarations or seek to require a different Nutrition Facts methodology. She seeks relief under independently enforceable state consumer-protection and food-labeling laws, including New York's prohibition on labeling that is "false or misleading in any particular," N.Y. Agric. & Mkts. Law § 201(1), and her state-law claims seek to enforce requirements identical to 21 U.S.C. § 343(a)(1) and 21 C.F.R. § 101.60(c)(2), not requirements different from or additional to federal law. Plaintiff independently alleges that the No Sugar Added Representations mislead reasonable consumers.

**E. Defendant's Conduct Violates New York's Food Labeling Laws**

30. Defendant's marketing, advertising, distribution, and sale of the Products violate the misbranding provisions of New York's food-labeling standards prohibiting the misbranding of food. New York Agriculture and Markets Law § 201(1) provides that food "shall be deemed to be misbranded . . . [i]f its labeling is false or misleading in any particular." N.Y. Agric. & Mkts. Law § 201(1). Section 199-a(1) prohibits any person, firm, association, or corporation from manufacturing, producing, processing, packing, transporting, possessing, selling, or offering or

exposing for sale within this state any article of food that is misbranded within the meaning of that article. *Id.* § 199-a(1).

31. New York law separately prohibits false advertising of food. Section 202-a(1) provides that "[a]n advertisement concerning a food or food product shall not be false or misleading in any particular." Id. § 202-a(1). An "advertisement" means all representations disseminated in any manner or by any means, other than by labeling, for the purpose of inducing, or which are likely to induce, directly or indirectly, the purchase of a food or food product. Id. § 198(5). Defendant's reproductions of the No Sugar Added Representations in front-label images disseminated online are advertisements within that definition.

32. Because the No Sugar Added Representations violate 21 C.F.R. § 101.60(c)(2), read with §§ 101.9(c)(6)(ii) and 101.60(a)(1), the Products' labeling is false and misleading in a material respect; the Products are misbranded under federal law and New York's food-labeling standards, and Defendant's advertising, distribution, and sale of the Products is unlawful.

### F. Reasonable Consumers Cannot Detect Defendant's Deception

33. Reasonable consumers have no reason to search the ingredient statement when presented with the conspicuous front-label representation that a Product contains "NO SUGAR ADDED." Consumers are not expected to look beyond a misleading representation on the front of a package to discover that the representation is false. Reasonable consumers rely on the conspicuous No Sugar Added Representations at the point of sale.

34. In an in-store observational study of 11,781 grocery shoppers in six European countries—the United Kingdom, Sweden, France, Germany, Poland, and Hungary—62.6% of

shoppers were observed looking at the front of the first product they bought, while only 7.7% were observed looking at that product elsewhere.[17]

35. In one observational study of 802 supermarket shoppers, the mean time between arriving at and departing from a product-category display was less than twelve seconds.[18]

36. Allulose is not a common household name. Reasonable consumers, including Plaintiff, are unlikely to recognize the term or to infer from the ingredient statement alone that it is a sugar added to the Products during processing.

37. A consumer who reviews a Product's Nutrition Facts panel is not corrected. The panel declares zero grams of Added Sugars, which confirms rather than dispels the impression the front label creates. Nothing on the label states that allulose is a sugar, and nothing states how much allulose the Product contains. The disclosures therefore do not cure the No Sugar Added Representations.

38. Consumers are also not required to conduct independent scientific testing or research into the chemical classification of listed ingredients to verify express label claims. Reasonable consumers do not possess specialized knowledge of carbohydrate chemistry or federal labeling law. Defendant is responsible for ensuring that its express labeling and marketing claims are truthful and not misleading.

### G. Defendant Knew the No Sugar Added Representations Were False

39. Defendant knew, or should have known, that the No Sugar Added Representations were false, misleading, deceptive, and unlawful when it formulated, marketed, advertised, labeled, distributed, and sold the Products. Specifically, Defendant knew that (a) the Products contain

---

[17] Klaus G. Grunert et al., Use and Understanding of Nutrition Information on Food Labels in Six European Countries, 18 J. Pub. Health 261, 266 (2010), https://doi.org/10.1007/s10389-009-0307-0.
[18] Peter R. Dickson & Alan G. Sawyer, The Price Knowledge and Search of Supermarket Shoppers, 54 J. Marketing 42, 47 (1990), https://doi.org/10.1177/002224299005400304.

allulose; (b) allulose is a free monosaccharide and a sugar; (c) Defendant adds allulose to the Products as a standalone ingredient during processing; (d) the Products' front labels nevertheless represent that no sugar was added; (e) the Nutrition Facts panels declare zero grams of Added Sugars; (f) reasonable consumers would rely on the No Sugar Added Representations; (g) consumers would not receive the represented benefit of the bargain; and (h) the No Sugar Added Representations enabled Defendant to charge a premium.

40. Defendant formulates the Products and controls the ingredient statements, Nutrition Facts panels, and packaging. Defendant lists allulose as the fourth ingredient of every Product and places it ahead of the two-percent grouping phrase, while printing the No Sugar Added Representations prominently on the Products' front labels. Defendant, as the formulator, marketer, and distributor of the Products, controlled, authored, supplied, authorized, approved, adopted, or materially participated in making the No Sugar Added Representations. Those facts demonstrate that Defendant knew it was adding a sugar to the Products while representing that it had added none.

41. Defendant could have stopped using the No Sugar Added Representations, accurately qualified them, or ensured that they were true, but chose not to. Despite its knowledge that consumers reasonably rely on the No Sugar Added Representations, Defendant chose to continue using them, thereby causing consumers to buy or overpay for the Products.

**H. Defendant's No Sugar Added Representations Injured Plaintiff and the Classes**

42. Defendant concealed or failed to disclose material facts necessary to prevent the No Sugar Added Representations from misleading consumers, including (a) that allulose is a monosaccharide and sugar; (b) that Defendant adds allulose to the Products during processing; (c) each Product's sugar content under 21 C.F.R. § 101.9(c)(6)(ii); (d) the facts that render the No Sugar Added Representations unauthorized under 21 C.F.R. § 101.60(c)(2); and (e) that the

Products are misbranded under federal and New York law when sold bearing the No Sugar Added Representations.

43. As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive No Sugar Added Representations and omissions, Defendant injured Plaintiff and the Class Members in that they: (a) paid money for products that were not as represented; (b) paid a premium for the Products; (c) were deprived of the benefit of their bargains; and (d) purchased misbranded Products that could not lawfully have been sold because they violate FDA requirements and, for New York Subclass Members, New York's food-labeling standards.

44. Accordingly, Plaintiff and the Class Members suffered injury in fact and lost money or property because of Defendant's wrongful conduct.

## JURISDICTION AND VENUE

45. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005 ("CAFA"), because the proposed Classes include more than 100 members, the aggregate claims of the proposed Classes exceed $5,000,000, exclusive of interest and costs, and at least one member of the proposed Classes is a citizen of a state different from Defendant.

46. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Marlborough, Massachusetts, and is therefore at home in this State.

47. Venue is proper in this District under 28 U.S.C. § 139 because Defendant resides in this District.

## PARTIES

48. Plaintiff Catherine Rodriguez is a citizen of New York residing in Brooklyn, New York. While residing there, Plaintiff purchased Defendant's Ray's No Sugar Added Original

Barbecue Sauce for her personal use from a ShopRite retail store in Brooklyn, New York, on October 13, 2025, for approximately $4.69. Before making her purchase, Plaintiff saw and relied on Defendant's prominent representation, displayed on the Product's front label, that the Product contained "NO SUGAR ADDED." Based on that representation, Plaintiff reasonably believed that no sugar had been added to the Product. The representation was part of the basis of Plaintiff's bargain, and she would not have purchased the Product on the same terms had she known it was untrue. Plaintiff also paid a price premium because of Defendant's false and misleading no-sugar-added claim but did not receive the benefit of her bargain because Defendant adds allulose, a sugar, to the Product during processing. Had Plaintiff known the truth, she would not have purchased the Product or would have paid substantially less for it.

49. Defendant Ken's Foods, LLC is a limited liability company organized under the laws of Delaware and maintains its principal place of business in Marlborough, Massachusetts. Defendant formulates, labels, markets, distributes, and/or sells the Products throughout New York and the United States, including in this District.

## CLASS ALLEGATIONS

50. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), and (b)(3). The proposed classes are defined below (collectively, the "Classes"):

> **Nationwide Class:** All persons in the United States who, during the maximum period of time permitted by law, purchased for personal use one or more of the Products while the Product contained allulose and bore a No Sugar Added Representation.
>
> **Multi-State Consumer Protection Subclass:** For each of the following jurisdictions, a subclass is defined as all persons who, during the maximum period of time permitted by law, purchased for personal use in that jurisdiction one or more of the Products while the Product contained allulose and bore a No Sugar Added Representation: Alaska, Arizona, Colorado, Delaware, Florida, Hawaii, Idaho, Illinois, Kansas, Kentucky, Maryland, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Vermont, Virginia, Washington, and the District of Columbia. Each such subclass is referred to by the name of the jurisdiction followed by "Subclass" and collectively as the "State Subclasses."

> **New York Subclass:** All persons in New York who, during the maximum period of time permitted by law, purchased Defendant's Products for their personal use.

51. The Classes do not include: (1) Defendant or its officers or directors; (2) the Judge or Magistrate Judge assigned to this action; (3) the assigned Judge's or Magistrate Judge's staff and family; or (4) Plaintiff's counsel or Defendant's counsel.

52. Plaintiff reserves the right to amend the class definitions and add classes or subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

53. **Community of Interest:** There is a well-defined community of interest among members of the Classes, and the disposition of their claims in a single action will provide substantial benefits to all parties and to the Court.

54. **Numerosity:** While the exact number of members of the Classes is unknown to Plaintiff at this time and can only be determined by appropriate discovery, upon information and belief, members of the Classes number at least in the thousands. Members of the Classes may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

55. **Existence and Predominance of Common Questions of Law and Fact:** Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes. These common legal and factual questions include, but are not limited to:

(a) Whether allulose is a sugar;

(b) Whether the Products satisfy the conditions governing a "no sugar added" claim under 21 C.F.R. §§ 101.9(c)(6)(ii) and 101.60(c)(2);

(c) Whether reasonable consumers would understand Defendant's No Sugar Added Representations to be untrue or misleading;

(d) Whether Defendant's No Sugar Added Representations were material;

(e) Whether the Products are misbranded under federal law;

(f) Whether Defendant was unjustly enriched as a result of the unlawful conduct alleged in this Complaint;

(g) Whether Plaintiff and the members of the Classes have suffered damages as a result of Defendant's actions and the amount of those damages;

(h) Whether Plaintiff and the members of the Classes are entitled to statutory damages; and

(i) Whether Plaintiff and the members of the Classes are entitled to attorneys' fees and costs.

56. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes because Plaintiff was exposed to a No Sugar Added Representation, purchased one of the Products in reliance on that representation, and suffered the same type of economic loss alleged for Class Members who purchased the Products.

57. **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the Classes as required by Federal Rule of Civil Procedure 23(a)(4). Plaintiff is an adequate representative because she has no interests adverse to those of the Classes, is committed to the vigorous prosecution of this action, and has retained skilled and experienced counsel.

58. Superiority: A class action is superior to all other available methods for the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because the expense and burden of individual litigation make it economically unfeasible for members of the Classes to seek redress outside a class action. Even if Class Members could afford individual litigation, the resulting burden on the courts would be substantial. Individualized litigation would also create a risk of varying, inconsistent, or contradictory judgments and would magnify delay and expense by requiring multiple trials of the same factual issues. By contrast, maintaining this action as a class action with respect to some or all issues presents fewer

management difficulties, conserves the resources of the parties and courts, and protects each Class Member's rights. Plaintiff anticipates no difficulty in managing this action as a class action. Classwide adjudication will resolve common issues of liability and damages. Separate actions could also subject Defendant to inconsistent obligations.

## CAUSES OF ACTION

### COUNT I
### Violation of N.Y. Gen. Bus. Law § 349
### (On Behalf of Plaintiff and the New York Subclass)

59. Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

60. Plaintiff brings this claim individually and on behalf of the New York Subclass against Defendant.

61. New York General Business Law § 349 declares unlawful "[u]nfair, deceptive, or abusive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a).

62. Defendant is a "person" engaged in "business, trade or commerce" within the meaning of GBL § 349, and its marketing, labeling, distribution, and sale of the Products to New York consumers constitute business, trade, or commerce in New York.

63. Defendant's conduct was consumer-oriented. Defendant marketed and sold the Products to the public through uniform front-label representations directed to consumers, including New York consumers. Defendant profited by making the No Sugar Added Representations even though Defendant adds allulose—a sugar—to each Product during processing.

64. Defendant engaged in deceptive acts and practices by falsely representing on the Products' front labels that no sugar was added to the Products even though Defendant adds allulose—a sugar—to each Product during processing.

65. The No Sugar Added Representations were material and were likely to mislead a reasonable consumer acting reasonably under the circumstances.

66. A reasonable consumer would understand the No Sugar Added Representations to mean that no sugar was added to the Products when, in fact, Defendant adds a sugar to each Product.

67. Plaintiff and members of the New York Subclass were injured as a result of Defendant's deceptive acts and practices.

68. In reliance on the No Sugar Added Representations, Plaintiff and members of the New York Subclass paid a premium for Products they otherwise would not have purchased, or would have purchased only at a lower price, and received Products worth less than what they paid. Had they known that Defendant adds a sugar to the Products, Plaintiff and members of the New York Subclass would not have purchased the Products or would have paid significantly less for them.

69. Defendant made the No Sugar Added Representations willfully and knowingly and with reckless disregard for the truth.

70. On behalf of herself and the New York Subclass members, Plaintiff seeks to recover her actual damages or fifty dollars, whichever is greater; because Defendant's violation was willful and knowing, treble damages not to exceed one thousand dollars; and reasonable attorneys' fees and costs.

**COUNT II**
**Violation of N.Y. Gen. Bus. Law § 350**
**(On Behalf of Plaintiff and the New York Subclass)**

71. Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

72. Plaintiff brings this claim individually and on behalf of the New York Subclass against Defendant.

73. New York General Business Law § 350 provides that "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful." N.Y. Gen. Bus. Law § 350.

74. GBL § 350-a(1) defines "false advertising" as "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect," and provides that, "[i]n determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations." N.Y. Gen. Bus. Law § 350-a(1).

75. Defendant's labeling and advertising of the Products constitute "advertising" within the meaning of GBL § 350-a(1).

76. Defendant engaged in false advertising by representing on the Products' front labels that no sugar was added to the Products even though Defendant adds allulose—a sugar—to each Product during processing. Defendant's advertising was misleading in a material respect and failed to reveal facts material in light of the No Sugar Added Representations.

77. The No Sugar Added Representations were material and were likely to mislead a reasonable consumer acting reasonably under the circumstances.

78. Plaintiff and members of the New York Subclass relied on Defendant's false advertising and were injured as a result. They paid a premium for Products they otherwise would not have purchased, or would have purchased only at a lower price, and received Products worth less than what they paid. Had they known the truth, Plaintiff and members of the New York Subclass would not have purchased the Products or would have paid significantly less for them.

79. Defendant made the No Sugar Added Representations willfully and knowingly and with reckless disregard for the truth.

80. On behalf of herself and the New York Subclass members, Plaintiff seeks to recover her actual damages or five hundred dollars, whichever is greater; because Defendant's violation was willful and knowing, treble damages not to exceed ten thousand dollars; and reasonable attorneys' fees and costs.

**<u>COUNT III</u>**
**Violation of Alaska Statutes § 45.50.471**
**(On Behalf of Plaintiff and the Alaska Subclass)**

81. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

82. Alaska Statutes § 45.50.471 prohibits unfair or deceptive acts or practices in the conduct of trade or commerce.

83. In its sale of the Products throughout the State of Alaska, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Alaska Statutes § 45.50.471.

84. The Alaska Subclass members are consumers who purchased Defendant's Products for their personal use.

85. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

86. The foregoing deceptive acts and practices were directed at consumers.

87. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

88. As a result of Defendant's deceptive practices, the Alaska Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

89. On behalf of herself and the Alaska Subclass members, Plaintiff seeks to recover three times the actual damages for each unlawful act or practice, or $500 for each unlawful act or practice, whichever is greater, and other necessary and proper relief as provided under Alaska Statutes § 45.50.531.

**COUNT IV**
**Violation of Arizona Revised Statutes § 44-1522**
**(On Behalf of Plaintiff and the Arizona Subclass)**

90. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

91. Arizona Revised Statutes § 44-1522 prohibits deceptive acts or practices in the conduct of any trade or commerce.

92. In its sale of the Products throughout the State of Arizona, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Arizona Revised Statutes § 44-1522.

93. The Arizona Subclass members are consumers who purchased Defendant's Products for their personal use.

94. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

95. The foregoing deceptive acts and practices were directed at consumers.

96. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

97. As a result of Defendant's deceptive practices, the Arizona Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

98. On behalf of herself and the Arizona Subclass members, Plaintiff seeks to recover actual damages, and punitive damages if Defendant's conduct was wanton or reckless, together with costs, pursuant to the private right of action recognized under Arizona Revised Statutes § 44-1533.

**COUNT V**
**Violation of Colorado Revised Statutes § 6-1-105**
**(On Behalf of Plaintiff and the Colorado Subclass)**

99. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

100. Colorado Revised Statutes § 6-1-105 prohibits deceptive trade practices in the course of a person's business, vocation, or occupation.

101. In its sale of the Products throughout the State of Colorado, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Colorado Revised Statutes § 6-1-105.

102. The Colorado Subclass members are consumers who purchased Defendant's Products for their personal use.

103. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

104. The foregoing deceptive acts and practices were directed at consumers.

105. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

106. As a result of Defendant's deceptive practices, the Colorado Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

107. On behalf of herself and the Colorado Subclass members, Plaintiff seeks to recover actual damages and reasonable attorney fees and costs, as provided under Colorado Revised Statutes § 6-1-113(2.9).

**COUNT VI**
**Violation of Delaware Code Title 6 § 2513**
**(On Behalf of Plaintiff and the Delaware Subclass)**

108. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

109. Delaware Code Title 6 § 2513 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

110. In its sale of the Products throughout the State of Delaware, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Delaware Code Title 6 § 2513.

111. The Delaware Subclass members are consumers who purchased Defendant's Products for their personal use.

112. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because

Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

113. The foregoing deceptive acts and practices were directed at consumers.

114. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

115. As a result of Defendant's deceptive practices, the Delaware Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

116. On behalf of herself and the Delaware Subclass members, Plaintiff brings this claim pursuant to the private right of action provided under Delaware Code Title 6 § 2525, and seeks to recover actual damages, together with costs, as well as punitive damages if the fraud is found to be gross, oppressive, or aggravated.

**COUNT VII**
**Violation of Florida Statutes § 501.204**
**(On Behalf of Plaintiff and the Florida Subclass)**

117. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

118. Florida Statutes § 501.204 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

119. In its sale of the Products throughout the State of Florida, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Florida Statutes § 501.204.

120. The Florida Subclass members are consumers who purchased Defendant's Products for their personal use.

121. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

122. The foregoing deceptive acts and practices were directed at consumers.

123. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

124. As a result of Defendant's deceptive practices, the Florida Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

125. On behalf of herself and the Florida Subclass members, Plaintiff seeks to recover actual damages, attorneys' fees, and court costs as provided under Florida Statutes §§ 501.211 and 501.2105.

**COUNT VIII**
**Violation of Hawaii Revised Statutes § 480-2**
**(On Behalf of Plaintiff and the Hawaii Subclass)**

126. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

127. Hawaii Revised Statutes § 480-2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

128. In its sale of the Products throughout the State of Hawaii, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Hawaii Revised Statutes § 480-2.

129. The Hawaii Subclass members are consumers who purchased Defendant's Products for their personal use.

130. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

131. The foregoing deceptive acts and practices were directed at consumers.

132. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

133. As a result of Defendant's deceptive practices, the Hawaii Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

134. On behalf of herself and the Hawaii Subclass members, Plaintiff seeks to recover threefold the damages sustained, the $1,000 minimum recovery being inapplicable in a class action under Hawaii Revised Statutes § 480-13(c)(1), together with reasonable attorneys' fees and the costs of suit.

**COUNT IX**
**Violation of Idaho Code § 48-603**
**(On Behalf of Plaintiff and the Idaho Subclass)**

135. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

136. Idaho Code § 48-603 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

137. In its sale of the Products throughout the State of Idaho, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Idaho Code § 48-603.

138. The Idaho Subclass members are consumers who purchased Defendant's Products for their personal use.

139. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

140. The foregoing deceptive acts and practices were directed at consumers.

141. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

142. As a result of Defendant's deceptive practices, the Idaho Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

143. On behalf of herself and the Idaho Subclass members, Plaintiff seeks to recover the actual damages sustained by the class or a total for the class not exceeding $1,000, whichever is greater, as provided under Idaho Code § 48-608(1), together with restitution, punitive damages, and reasonable attorneys' fees and costs.

**COUNT X**
**Violation of Illinois Compiled Statutes Chapter 815 § 505/2**
**(On Behalf of Plaintiff and the Illinois Subclass)**

144. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

145. Illinois Compiled Statutes Chapter 815 § 505/2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

146. In its sale of the Products throughout the State of Illinois, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Illinois Compiled Statutes Chapter 815 § 505/2.

147. The Illinois Subclass members are consumers who purchased Defendant's Products for their personal use.

148. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

149. The foregoing deceptive acts and practices were directed at consumers.

150. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

151. As a result of Defendant's deceptive practices, the Illinois Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

152. On behalf of herself and the Illinois Subclass members, Plaintiff seeks to recover actual economic damages, and reasonable attorneys' fees and costs, as provided under Illinois Compiled Statutes Chapter 815 § 505/10a.

**COUNT XI**
**Violation of Kansas Statutes Annotated § 50-626**
**(On Behalf of Plaintiff and the Kansas Subclass)**

153. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

154. Kansas Statutes Annotated § 50-626 prohibits deceptive acts or practices in the conduct of any trade or commerce.

155. In its sale of the Products throughout the State of Kansas, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Kansas Statutes Annotated § 50-626.

156. The Kansas Subclass members are consumers who purchased Defendant's Products for their personal use.

157. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

158. The foregoing deceptive acts and practices were directed at consumers.

159. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

160. As a result of Defendant's deceptive practices, the Kansas Subclass members suffered an economic injury because they would not have purchased the Products, or would have

paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

161. Defendant knowingly represented that the Products possessed a particular composition, ingredient characteristic, and quantity—"NO SUGAR ADDED"—that the Products did not possess because Defendant adds allulose, a sugar, to each Product during processing, a deceptive act specifically proscribed by Kansas Statutes Annotated § 50-626(b)(1)(A). On behalf of herself and the Kansas Subclass members, Plaintiff seeks to recover the damages caused by that act and practice under Kansas Statutes Annotated § 50-634(d)(1), together with reasonable attorneys' fees under § 50-634(e).

**COUNT XII**
**Violation of Kentucky Revised Statutes § 367.170**
**(On Behalf of Plaintiff and the Kentucky Subclass)**

162. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

163. Kentucky Revised Statutes § 367.170 prohibits unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce.

164. In its sale of the Products throughout the State of Kentucky, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Kentucky Revised Statutes § 367.170.

165. The Kentucky Subclass members are consumers who purchased Defendant's Products for their personal use.

166. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

167. The foregoing deceptive acts and practices were directed at consumers.

168. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

169. As a result of Defendant's deceptive practices, the Kentucky Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

170. Defendant made the No Sugar Added Representations directly to Kentucky consumers on the Products' front labels. Those representations were intended to induce purchases and formed part of the transactions in which Kentucky Subclass members purchased the Products from retailers. On behalf of herself and the Kentucky Subclass members, Plaintiff seeks actual damages, punitive damages, and reasonable attorneys' fees and costs under Kentucky Revised Statutes § 367.220.

**COUNT XIII**
**Violation of Maryland Commercial Law Code § 13-303**
**(On Behalf of Plaintiff and the Maryland Subclass)**

171. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

172. Maryland Commercial Law Code § 13-303 prohibits unfair or deceptive trade practices in the conduct of any trade or commerce.

173. In its sale of the Products throughout the State of Maryland, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Maryland Commercial Law Code § 13-303.

174. The Maryland Subclass members are consumers who purchased Defendant's Products for their personal use.

175. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

176. The foregoing deceptive acts and practices were directed at consumers.

177. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

178. As a result of Defendant's deceptive practices, the Maryland Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

179. On behalf of herself and the Maryland Subclass members, Plaintiff seeks to recover actual damages, and reasonable attorneys' fees and costs, as provided under Maryland Commercial Law Code § 13-408.

**COUNT XIV**
**Violation of Michigan Compiled Laws § 445.903**
**(On Behalf of Plaintiff and the Michigan Subclass)**

180. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

181. Michigan Compiled Laws § 445.903 prohibits unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of any trade or commerce.

182. In its sale of the Products throughout the State of Michigan, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Michigan Compiled Laws § 445.903.

183. The Michigan Subclass members are consumers who purchased Defendant's Products for their personal use.

184. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

185. The foregoing deceptive acts and practices were directed at consumers.

186. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

187. As a result of Defendant's deceptive practices, the Michigan Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

188. On behalf of herself and the Michigan Subclass members, Plaintiff seeks to recover the actual damages caused by Defendant's unlawful methods, acts, and practices, as provided under Michigan Compiled Laws § 445.911(4).

**COUNT XV**
**Violation of Minnesota Statutes § 325F.69**
**(On Behalf of Plaintiff and the Minnesota Subclass)**

189. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

190. Minnesota Statutes § 325F.69 prohibits unfair, unconscionable, or deceptive trade practices in the conduct of any trade or commerce.

191. In its sale of the Products throughout the State of Minnesota, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Minnesota Statutes § 325F.69.

192. The Minnesota Subclass members are consumers who purchased Defendant's Products for their personal use.

193. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

194. The foregoing deceptive acts and practices were directed at consumers.

195. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

196. As a result of Defendant's deceptive practices, the Minnesota Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

197. This action benefits the public because Defendant made the No Sugar Added Representations to the consuming public at large on the front label of every unit of the Products sold in Minnesota, and classwide adjudication will redress the uniform misrepresentation and deter its repetition. On behalf of herself and the Minnesota Subclass members, Plaintiff seeks to recover actual damages, reasonable attorneys' fees, and costs, including costs of investigations, as provided under Minnesota Statutes § 8.31, subd. 3a.

**COUNT XVI**
**Violation of Missouri Revised Statutes § 407.020**
**(On Behalf of Plaintiff and the Missouri Subclass)**

198. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

199. Missouri Revised Statutes § 407.020 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

200. In its sale of the Products throughout the State of Missouri, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Missouri Revised Statutes § 407.020.

201. The Missouri Subclass members are consumers who purchased Defendant's Products for their personal use.

202. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

203. The foregoing deceptive acts and practices were directed at consumers.

204. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

205. As a result of Defendant's deceptive practices, the Missouri Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

206. The Missouri Subclass members acted as reasonable consumers would in light of all the circumstances; Defendant's misrepresentations would cause a reasonable person to enter into the transaction that resulted in damages; and their individual damages are susceptible of calculation to a reasonable degree of certainty by reference to the price premium attributable to the No Sugar Added Representations. On behalf of herself and the Missouri Subclass members, Plaintiff seeks to recover actual damages, punitive damages, and reasonable attorneys' fees and costs, as provided under Missouri Revised Statutes § 407.025.1, which claim Plaintiff asserts on a class-wide basis as authorized by Missouri Revised Statutes §§ 407.025.2 and 407.025.3.

**COUNT XVII**
**Violation of Nebraska Revised Statutes § 59-1602**
**(On Behalf of Plaintiff and the Nebraska Subclass)**

207. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

208. Nebraska Revised Statutes § 59-1602 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

209. In its sale of the Products throughout the State of Nebraska, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Nebraska Revised Statutes § 59-1602.

210. The Nebraska Subclass members are consumers who purchased Defendant's Products for their personal use.

211. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

212. The foregoing deceptive acts and practices were directed at consumers.

213. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

214. As a result of Defendant's deceptive practices, the Nebraska Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

215. On behalf of herself and the Nebraska Subclass members, Plaintiff seeks to recover actual damages, and up to $1,000 in additional damages if the actual damages are not susceptible to measurement by ordinary pecuniary standards, and reasonable attorneys' fees and costs, as provided under Nebraska Revised Statutes § 59-1609.

**COUNT XVIII**
**Violation of Nevada Revised Statutes § 598.0915**
**(On Behalf of Plaintiff and the Nevada Subclass)**

216. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

217. Nevada Revised Statutes § 598.0915 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

218. In its sale of the Products throughout the State of Nevada, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Nevada Revised Statutes § 598.0915.

219. The Nevada Subclass members are consumers who purchased Defendant's Products for their personal use.

220. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because

Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

221. The foregoing deceptive acts and practices were directed at consumers.

222. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

223. As a result of Defendant's deceptive practices, the Nevada Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

224. On behalf of herself and the Nevada Subclass members, Plaintiff seeks to recover actual damages, and reasonable attorneys' fees and costs, as provided under Nevada Revised Statutes § 41.600.

**COUNT XIX**
**Violation of New Hampshire Revised Statutes § 358-A:2**
**(On Behalf of Plaintiff and the New Hampshire Subclass)**

225. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

226. New Hampshire Revised Statutes § 358-A:2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

227. In its sale of the Products throughout the State of New Hampshire, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of New Hampshire Revised Statutes § 358-A:2.

228. The New Hampshire Subclass members are consumers who purchased Defendant's Products for their personal use.

229. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

230. The foregoing deceptive acts and practices were directed at consumers.

231. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

232. As a result of Defendant's deceptive practices, the New Hampshire Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

233. On behalf of herself and the New Hampshire Subclass members, Plaintiff seeks to recover actual damages, together with reasonable attorneys' fees, as provided under New Hampshire Revised Statutes § 358-A:10-a.

## COUNT XX
**Violation of New Jersey Revised Statutes § 56:8-2**
**(On Behalf of Plaintiff and the New Jersey Subclass)**

234. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

235. New Jersey Revised Statutes § 56:8-2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

236. In its sale of the Products throughout the State of New Jersey, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of New Jersey Revised Statutes § 56:8-2.

237. The New Jersey Subclass members are consumers who purchased Defendant's Products for their personal use.

238. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

239. The foregoing deceptive acts and practices were directed at consumers.

240. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

241. As a direct result of Defendant's deceptive practices, the New Jersey Subclass members suffered an ascertainable loss because they paid a price premium for Products worth less than represented and would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

242. On behalf of herself and the New Jersey Subclass members, Plaintiff seeks to recover threefold the damages sustained, together with reasonable attorneys' fees, filing fees, and reasonable costs of suit, as provided under New Jersey Revised Statutes § 56:8-19.

**<u>COUNT XXI</u>**
**Violation of New Mexico Statutes § 57-12-3**
**(On Behalf of Plaintiff and the New Mexico Subclass)**

243. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

244. New Mexico Statutes § 57-12-3 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

245. In its sale of the Products throughout the State of New Mexico, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of New Mexico Statutes § 57-12-3.

246. The New Mexico Subclass members are consumers who purchased Defendant's Products for their personal use.

247. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

248. The foregoing deceptive acts and practices were directed at consumers.

249. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

250. As a result of Defendant's deceptive practices, the New Mexico Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

251. On behalf of herself and the New Mexico Subclass members, Plaintiff seeks, for herself as named plaintiff, actual damages or one hundred dollars, whichever is greater, and, because Defendant willfully engaged in the trade practice, up to three times actual damages or three hundred dollars, whichever is greater, as provided under New Mexico Statutes § 57-12-10(B) and (E); such actual damages as were suffered by each member of the class, as provided under New Mexico Statutes § 57-12-10(E); and reasonable attorney fees and costs, as provided under New Mexico Statutes § 57-12-10(C).

**COUNT XXII**
**Violation of North Carolina General Statutes § 75-1.1**
**(On Behalf of Plaintiff and the North Carolina Subclass)**

252. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

253. North Carolina General Statutes § 75-1.1 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

254. In its sale of the Products throughout the State of North Carolina, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of North Carolina General Statutes § 75-1.1.

255. The North Carolina Subclass members are consumers who purchased Defendant's Products for their personal use.

256. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

257. The foregoing deceptive acts and practices were directed at consumers.

258. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

259. As a result of Defendant's deceptive practices, the North Carolina Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

260. On behalf of herself and the North Carolina Subclass members, Plaintiff seeks judgment for treble the amount of damages fixed by the verdict, as provided under North Carolina General Statutes § 75-16, and reasonable attorneys' fees and costs, as provided under North Carolina General Statutes § 75-16.1.

**COUNT XXIII**
**Violation of North Dakota Century Code § 51-15-02**
**(On Behalf of Plaintiff and the North Dakota Subclass)**

261. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

262. North Dakota Century Code § 51-15-02 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

263. In its sale of the Products throughout the State of North Dakota, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of North Dakota Century Code § 51-15-02.

264. The North Dakota Subclass members are consumers who purchased Defendant's Products for their personal use.

265. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

266. The foregoing deceptive acts and practices were directed at consumers.

267. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

268. As a result of Defendant's deceptive practices, the North Dakota Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

269. On behalf of herself and the North Dakota Subclass members, Plaintiff seeks to recover actual damages, and up to three times the actual damages if the violation was committed knowingly, and reasonable attorneys' fees and costs, as provided under North Dakota Century Code § 51-15-09.

**COUNT XXIV**
**Violation of Oklahoma Statutes Title 15 § 753**
**(On Behalf of Plaintiff and the Oklahoma Subclass)**

270. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

271. Oklahoma Statutes Title 15 § 753 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

272. In its sale of the Products throughout the State of Oklahoma, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Oklahoma Statutes Title 15 § 753.

273. The Oklahoma Subclass members are consumers who purchased Defendant's Products for their personal use.

274. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

275. The foregoing deceptive acts and practices were directed at consumers.

276. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

277. As a result of Defendant's deceptive practices, the Oklahoma Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

278. On behalf of herself and the Oklahoma Subclass members, Plaintiff seeks to recover actual damages, and reasonable attorneys' fees and costs, as provided under Oklahoma Statutes Title 15 § 761.1.

**COUNT XXV**
**Violation of Oregon Revised Statutes § 646.608**
**(On Behalf of Plaintiff and the Oregon Subclass)**

279. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

280. Oregon Revised Statutes § 646.608 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

281. In its sale of the Products throughout the State of Oregon, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Oregon Revised Statutes § 646.608.

282. The Oregon Subclass members are consumers who purchased Defendant's Products for their personal use.

283. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because

Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

284. The foregoing deceptive acts and practices were directed at consumers.

285. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

286. As a result of Defendant's deceptive practices, the Oregon Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

287. Defendant's use and employment of the unlawful methods, acts, and practices alleged herein were at a minimum reckless or knowing as to the Oregon Subclass members, each of whom sustained an ascertainable loss of money or property as a result. On behalf of herself and the Oregon Subclass members, Plaintiff seeks to recover actual damages, or statutory damages of $200 if that is greater, as provided under Oregon Revised Statutes § 646.638(1) and (8)(a), together with punitive damages and reasonable attorneys' fees and costs.

**COUNT XXVI**
**Violation of Pennsylvania Statutes Title 73 § 201-3**
**(On Behalf of Plaintiff and the Pennsylvania Subclass)**

288. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

289. Pennsylvania Statutes Title 73 § 201-3 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

290. In its sale of the Products throughout the State of Pennsylvania, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Pennsylvania Statutes Title 73 § 201-3.

291. The Pennsylvania Subclass members are consumers who purchased Defendant's Products for their personal use.

292. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

293. The foregoing deceptive acts and practices were directed at consumers.

294. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

295. The Pennsylvania Subclass members saw and justifiably relied on the No Sugar Added Representations on the Products' front labels before purchasing the Products. As a direct result of Defendant's deceptive practices, they suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

296. On behalf of herself and the Pennsylvania Subclass members, Plaintiff seeks to recover actual damages, or $100 if that is greater, and up to three times the actual damages in the Court's discretion, and reasonable attorneys' fees and costs, as provided under Pennsylvania Statutes Title 73 § 201-9.2.

**<u>COUNT XXVII</u>**
**Violation of Rhode Island General Laws § 6-13.1-2**
**(On Behalf of Plaintiff and the Rhode Island Subclass)**

297. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

298. Rhode Island General Laws § 6-13.1-2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

299. In its sale of the Products throughout the State of Rhode Island, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Rhode Island General Laws § 6-13.1-2.

300. The Rhode Island Subclass members are consumers who purchased Defendant's Products for their personal use.

301. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

302. The foregoing deceptive acts and practices were directed at consumers.

303. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

304. As a result of Defendant's deceptive practices, the Rhode Island Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

305. On behalf of herself and the Rhode Island Subclass members, Plaintiff seeks to recover actual damages or $500, whichever is greater, treble damages, and reasonable attorneys' fees and costs, as provided under Rhode Island General Laws § 6-13.1-5.2.

**COUNT XXVIII**
**Violation of South Dakota Codified Laws § 37-24-6**
**(On Behalf of Plaintiff and the South Dakota Subclass)**

306. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

307. South Dakota Codified Laws § 37-24-6 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

308. In its sale of the Products throughout the State of South Dakota, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of South Dakota Codified Laws § 37-24-6.

309. The South Dakota Subclass members are consumers who purchased Defendant's Products for their personal use.

310. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

311. The foregoing deceptive acts and practices were directed at consumers.

312. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

313. As a result of Defendant's deceptive practices, the South Dakota Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

314. On behalf of herself and the South Dakota Subclass members, Plaintiff seeks to recover actual damages, as provided under South Dakota Codified Laws § 37-24-31.

**COUNT XXIX**
**Violation of Vermont Statutes Title 9 § 2453**
**(On Behalf of Plaintiff and the Vermont Subclass)**

315. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

316. Vermont Statutes Title 9 § 2453 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

317. In its sale of the Products throughout the State of Vermont, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Vermont Statutes Title 9 § 2453.

318. The Vermont Subclass members are consumers who purchased Defendant's Products for their personal use.

319. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

320. The foregoing deceptive acts and practices were directed at consumers.

321. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

322. As a result of Defendant's deceptive practices, the Vermont Subclass members suffered an economic injury because they would not have purchased the Products, or would have

paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

323. On behalf of herself and the Vermont Subclass members, Plaintiff seeks to recover actual damages, or the consideration given for the Products, reasonable attorneys' fees and costs, and exemplary damages not exceeding three times the value of that consideration, as provided under Vermont Statutes Title 9 § 2461(b).

**COUNT XXX**
**Violation of Virginia Code § 59.1-200**
**(On Behalf of Plaintiff and the Virginia Subclass)**

324. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

325. Virginia Code § 59.1-200 prohibits fraudulent acts or practices by suppliers in connection with consumer transactions. Defendant is a supplier, and the purchases of the Products by Virginia Subclass members were consumer transactions within the meaning of the statute.

326. In its sale of the Products throughout the State of Virginia, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Virginia Code § 59.1-200.

327. The Virginia Subclass members are consumers who purchased Defendant's Products for their personal use.

328. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

329. The foregoing deceptive acts and practices were directed at consumers.

330. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

331. As a result of Defendant's deceptive practices, the Virginia Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

332. On behalf of herself and the Virginia Subclass members, Plaintiff seeks to recover actual damages or $500, whichever is greater, or if the violation was willful, treble damages or $1,000, whichever is greater, as well as reasonable attorneys' fees and costs, as provided under Virginia Code § 59.1-204.

**COUNT XXXI**
**Violation of Revised Code of Washington § 19.86.020**
**(On Behalf of Plaintiff and the Washington Subclass)**

333. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

334. Revised Code of Washington § 19.86.020 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

335. In its sale of the Products throughout the State of Washington, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Revised Code of Washington § 19.86.020.

336. The Washington Subclass members are consumers who purchased Defendant's Products for their personal use.

337. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because

Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

338. The foregoing deceptive acts and practices were directed at consumers.

339. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

340. As a result of Defendant's deceptive practices, the Washington Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

341. On behalf of herself and the Washington Subclass members, Plaintiff seeks to recover actual damages, together with such increase in the damages award as the Court may in its discretion allow, up to three times the actual damages sustained and not exceeding $25,000, as well as reasonable attorneys' fees and costs, as provided under Revised Code of Washington § 19.86.090.

**COUNT XXXII**
**Violation of D.C. Code § 28-3904**
**(On Behalf of Plaintiff and the District of Columbia Subclass)**

342. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

343. District of Columbia Code § 28-3904 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

344. In its sale of the Products throughout the District of Columbia, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of District of Columbia Code § 28-3904.

345. The District of Columbia Subclass members are consumers who purchased Defendant's Products for their personal use.

346. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that no sugar was added to the Products. Those representations are false or misleading because Defendant adds allulose—a sugar—to each Product during processing. The Products do not conform to the No Sugar Added Representations.

347. The foregoing deceptive acts and practices were directed at consumers.

348. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

349. As a result of Defendant's deceptive practices, the District of Columbia Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that Defendant adds a sugar to the Products and did not conform to the No Sugar Added Representations.

350. On behalf of herself and the District of Columbia Subclass members, Plaintiff seeks to recover treble damages or $1,500 per violation, whichever is greater, as well as punitive damages and reasonable attorneys' fees and costs, as provided under District of Columbia Code § 28-3905(k)(2).

## COUNT XXXIII
**Intentional Misrepresentation**
**(On Behalf of Plaintiff and the Nationwide Class)**

351. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint.

352. Plaintiff brings this claim individually and on behalf of the Nationwide Class.

353. Defendant represented on the Products' front labels that the Products contain "NO SUGAR ADDED." Those representations were false or misleading because Defendant adds allulose—a sugar—to each Product during processing, and the Products therefore do not conform to the No Sugar Added Representations.

354. The No Sugar Added Representations were material because they concerned the Products' sugar content, composition, quality, healthfulness, and value and were important to reasonable consumers' purchasing decisions.

355. Defendant knew the No Sugar Added Representations were false or misleading or acted recklessly without regard to their truth. Defendant intended consumers to rely on them, as shown by their conspicuous placement on the Products' front labels.

356. Plaintiff and Class Members reasonably and justifiably relied on the No Sugar Added Representations when purchasing the Products. Had they known the truth, they would not have purchased the Products or would have paid less. As a direct and proximate result, they suffered economic losses, including the amounts paid and any interest that would have accrued on those funds, in an amount to be proven at trial.

## COUNT XXXIV
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Nationwide Class)**

357. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

358. Plaintiff brings this claim individually and on behalf of the Nationwide Class against Defendant under New York law or, in the alternative, under the substantially similar laws of the states applicable to members of the Nationwide Class.

359. To the extent required, Plaintiff asserts this cause of action in the alternative to her legal claims, as permitted by Federal Rule of Civil Procedure 8.

360. Defendant's false and misleading No Sugar Added Representations caused Plaintiff and Class Members to pay a price premium for the Products.

361. Defendant thereby received a direct and unjust benefit at the expense of Plaintiff and Class Members.

362. Plaintiff and Class Members seek the return of that unjust benefit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant as follows:

a) For an order certifying the Classes under Fed. R. Civ. P. 23 and naming Plaintiff as representative of the Classes, and Plaintiff's Counsel as Class Counsel;

b) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

c) For damages available under the asserted causes of action;

d) For prejudgment interest on all amounts awarded;

e) For restitution to the extent permitted by applicable law;

f) For an order awarding Plaintiff's and the Classes' reasonable attorneys' fees, expenses, and costs of suit; and

g) For such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: September 3, 2026

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Max S. Roberts*
Max S. Roberts (BBO #718031)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: mroberts@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher *(Pro hac vice forthcoming)*
Joshua B. Glatt *(Pro hac vice forthcoming)*
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
jglatt@bursor.com

**GUCOVSCHI LAW FIRM, PLLC**
Adrian Gucovschi, Esq. *(Pro hac vice forthcoming)*
165 Broadway, 23rd Floor
New York, NY 10006
Telephone: (212) 884-4230
Email: adrian@gucovschilaw.com

*Counsel for Plaintiff and the Classes*